(117 App. Div. 120)

PEOPLE v. TRISCOLI.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. THREATS—BLACKMAIL—ELEMENTS OF OFFENSE—LETTERS.

The sending of letters, purporting to come from the society of the "Black Hand," stating that the society had decided prosecutor's case and demanded from him $500, or death would be prosecutor's reward and his family would be destroyed, etc., constituted blackmail, in violation of Pen. Code, § 558, providing that a person who, knowing the contents thereof, and with intent by means thereof to extort or gain any money, sends any letter or writing threatening to do injury to any person or to his property, shall be punished, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Threats, §§ 1, 6.]

2. SAME—EVIDENCE.

Evidence held sufficient to sustain a conviction of attempting to obtain money by threats of personal injury, in violation of Pen. Code, § 558.

Appeal from Court of General Sessions, New York County.

Vincent Triscoli was convicted of blackmail, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Edward McKinley, for appellant.
E. Crosby Kindleberger, for the People.

INGRAHAM, J.  The defendant was convicted of a violation of section 558 of the Penal Code.  That section provides that:

"A person who, knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet, or procure any illegal or wrongful act, sends, delivers, or in any manner causes to be forwarded or received, * * * any letter or writing, threatening * * * to do any injury to any person or to any property * * * is punishable by imprisonment for not more than five years."

It appeared from the evidence that one Salvatore Grasso received on May 29, 1906, a communication addressed to him, dated May 28, 1906, purporting to come from the Society of the Black Hand, which stated that the society had decided his case and that it demanded from Grasso the sum of $500; otherwise "death will be the reward, and your family will be destroyed.  Consider that well, and consider our demand; otherwise you are lost, and no one could save you.  Our vengeance will reach you wherever you will be, and you will all be destroyed, in the time of half an hour."  This letter was signed, "We are your friends, The Black Hand."  Grasso not having complied with this demand he received on the 31st day of May another letter, dated on that day, which referred to the former letter of the society and threatened that, unless he complied with the second and last warning his family would be destroyed.  This demand not being complied with, the defendant called at Grasso's place of business and said that he wanted to speak to Grasso in secret; Grasso saying that he was in the presence of his family, and, if the defendant wanted to have a confidential talk with him he could have it right there.  Whereupon the defendant said : "Have you received my letters?"  Grasso said: "What letters?"  To which the defendant replied: "These letters in which you were asked to pay $500."  In answer, Grasso said: "I can't give you the $500 this evening.  Call in to-morrow, and I'll give it to you."  To which the defendant said: "You will have to put down the money to-night—this evening."  To which Grasso replied: "I can't do that.  I can't give you the money this evening."  After that, the defendant stepped outside of the store, making a sign to Grasso to follow him.  When Grasso went outside he called to a police officer, and the defendant ran away, but was arrested about a block away.  Grasso testified as to the receipt of these letters, and that these were the only letters of the kind that he had received.  The defendant was called as a witness, and testified that he knew nothing about the letters; that he went to the complainant's place of business to buy a pair of shoes; that he did not send the letters or cause them to be sent, and did not ask anybody to send them; that he made no statement to the complainant about the letters, and made no demand upon him; that he had money in his pocket to buy the shoes.  The police officer who caused the arrest stated that he was in Second avenue; that he ran down the avenue and spoke to the complaining witness, and chased the defendant about a block and a half, and caught him on Fifty-First street and First avenue; that when he first saw the defendant he was about 25 feet from the complainant's store, running.

The question was submitted to the jury by a charge which seems to be entirely fair and to which no exception was taken; and the only ex-

ception relied on is a denial of the motion to advise the jury to acquit.
I think there was evidence that justified the submission of this case to
the jury. The defendant, at his interview with the complainant, asked
him if he had received his letters, in which $500 was demanded. The
complainant had received two letters demanding $500, and no other let-
ters of the kind were received by him. The letters being clearly
within the statute, if the defendant sent them, "knowing the contents
thereof, and with intent, by means thereof, to extort or gain any money
or other property, or to do, abet, or procure any illegal or wrongful
act, he is guilty of blackmail. The defendant's statement to Grasso
admitted that he sent the letters received by the complainant and
stated that they were his letters; and the jury was, therefore, justified
in finding that he knew their contents, and that he either sent, delivered,
or caused them to be forwarded or received by the complainant.

I think that the evidence justified the conviction, and that the
judgment should be affirmed. All concur.